Reese, J.
delivered the opinion of the court.
The plaintiff sued the defendant to recover the amount of a lost bond. The defendant pleaded payment. In the declaration, and in the affidavit annexed, the bond sued on is described as having been made more than sixteen years before the suit was brought, and the defendant relied upon the presumption of payment arising from the lapse of time to sustain his plea. The plaintiff to repel this presumption, called a witness to prove that while the bond was still in existence, the plaintiff transmitted it to witness, who presented it to the defendant, and the witness detailed a conversation with defendant which then took place, tending to repel the presumption insisted on.
The counsel for the defendant sought to prove by the witness that the bond presented by him to defendant was a different one from that decribed in the declaration and affidavit annexed. This proof the court refused to permit to be made. If the object of the counsel were by this attempt to establish a variance between the note or bond described in the declaration and that spoken of by the witness, to defeat the plaintiff’s action, upon the ground that he had misdescribed the bond in his declaration, such object would have been improper, and for such a purpose the proof could not have been heard, for the plea of payment admits that the bond as described in the *255 declaration once existed. This may have been the purpose of counsel: the circuit court evidently so understood it. But as the point arises upon the record here, we are constrained to say that the defendant had a right, for the purpose of impairing or destroying the force of the testimony brought forward by the plaintiff in order to repel the presumption of payment arising from the lapse of time, to show if he could that the conversation of the defendant with the witness related to another and different bond. We regret the necessity of reversal imposed upon us in this case, because it is very probable that justice has been attained and that another trial after some delay and expense will result in the same manner.